UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ANNA LOU TARTER SMITH et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 17-334-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSHUA DONALD TARTER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the plaintiffs' motions to alter or amend the Judgment, for leave to file an amended complaint, and to join C-Ville Fabricating, Inc. d/b/a Tarter Industries ("Tarter Industries") as a plaintiff in this action or to allow Tarter Industries to intervene. [Record Nos. 29, 30] The motions will be denied for the reasons that follow.

**I.**

The plaintiffs commenced this action on August 11, 2017, asserting that Defendants Joshua Donald Tarter ("Joshua Tarter"), Thomas Lewis Gregory ("Gregory"), and Hong Kong QMC Industry Company, Ltd. ("QMC") violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and (d), the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, the Kentucky Uniform Trade Secrets Act, KRS § 365.880 *et seq.*, and Kentucky common law. [Record No. 1] The plaintiffs purported to bring these claims in their individual capacities and derivatively on behalf of various affiliated entities known as the Tarter

Companies.[1] [*Id.*] The Court granted Joshua Tarter and Gregory's motions to dismiss the plaintiffs' claims, without prejudice, for lack of standing on January 22, 2018. [Record No. 26] Dismissal was predicated on the fact that the plaintiffs lacked individual capacity standing because they failed to allege that they sustained any injury that was separate and distinct from that allegedly sustained by the Tarter Companies. Further, the plaintiffs lacked derivative capacity standing because they failed to plead with particularity that they made a demand on the Tarter Companies to sue on their own behalf, or that making such a demand would have been futile. [*Id.*] The plaintiffs' claims against QMC were subsequently dismissed for these same reasons, and the Court entered a final and appealable Judgment. [Record Nos. 27, 28]

After Joshua Tarter and Gregory's motions to dismiss were granted, the plaintiffs took certain actions to allegedly "remedy the jurisdictional issue identified by the Court." [Record No. 29, p. 3] They conducted "an extensive review" of "the Tarter Companies' complicated corporate structure," [*id.*], and attempted to call a special meeting of each of the Tarter Companies to authorize a direct corporate action litigating the claims asserted in this proceeding. [Record No. 29-1, ¶¶ 111-69] According to the plaintiffs, Tarter Industries called such a meeting and authorized the litigation. [*Id.* ¶¶ 111-35]

But the plaintiffs' efforts to call a special meeting of Tarter Management, Tarter Tube, and Tarter Gate were unsuccessful. [*Id.* ¶¶ 136-169] They contend that, due to the opposition

---

[1] The plaintiffs initially identified the "Tarter Companies" as six affiliated entities: Tarter Industries, Tarter Management Company, Inc. ("Tarter Management"), Green River Gate, Inc., Tarter Gate Company, LLC ("Tarter Gate"), Tarter Tube, LLC ("Tarter Tube"), and Liberty Tank, LLC. [Record No. 1, ¶ 1] However, the plaintiffs' proposed amended complaint describes the "Tarter Companies" as four entities: Tarter Industries, Tarter Management, Tarter Gate, and Tarter Tube. [Record No. 29-1, ¶ 1] The plaintiffs no longer attempt to assert derivative capacity claims on behalf of Green River Gate, Inc., and Liberty Tank, LLC. [*Compare* Record No. 1, ¶¶ 1-3, *with* Record No. 29-1, ¶¶ 8-10.]

of Donald Tarter, Joy Tarter, Keith Tarter, Joshua Tarter, and Nell Tarter Duggins, any further demand would be futile. [*See id.* ¶¶ 23, 96, 100, 104, 106-110, 138-39, 149-54, 165-69.]

The plaintiffs have now tendered a proposed amended complaint that incorporates the information they learned about the Tarter Companies' corporate structure, their efforts to make a demand for litigation on the Tarter Companies, and the reasons they believe any further demand would be futile.[2] [*See id.* ¶¶ 19-169.] They ask that the Court reopen this matter under Federal Rule of Civil Procedure 59(e), and grant them leave to file the proposed amended complaint under Federal Rule of Civil Procedure 15(a)(2). [Record No. 29] Additionally, they ask the Court to join Tarter Industries as a plaintiff under Federal Rules of Civil Procedure 19(a) and 20(a) or permit Tarter Industries to intervene under Rules 24(a) and (b), based on their allegation that Tarter Industries has now authorized litigation. [Record No. 30]

## II.

The Court must "freely give" parties leave to amend their pleadings before trial "when justice so requires." Fed. R. Civ. P. 15(a)(2). "But this permissive standard does not apply when a party seeks to amend its complaint *after* an adverse judgment." *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, 833 F.3d 680, 688 (6th Cir. 2016). The Sixth Circuit has explained that:

> [c]ourts in that setting must consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision. That would sidestep the narrow grounds for obtaining post-judgment

---

[2] "In addition to adding facts related to demand and futility" in their proposed amended complaint, the plaintiffs "have also taken the opportunity to make additional changes and add additional claims." [Record No. 29, p. 1 n.2]

> relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities.

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010).

"A party seeking such an amendment thus must satisfy both the 'modest requirements of Rule 15' and the 'heavier burden' that applies to requests 'for reopening a case.'" *Energy Conversion Devices Liquidation Tr.*, 833 F.3d at 688 (quoting *Leisure Caviar*, 616 F.3d at 616). The "heavier burden" provided in Federal Rule of Civil Procedure 59 permits the Court to reopen a case based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar*, 616 F.3d at 615 (quotation marks and citation omitted).

### III.

The plaintiffs do not contend that it is necessary to reopen this case because the Court made a clear error of law, there was an intervening change in controlling law, or to prevent manifest injustice. Instead, they ask the Court to alter the Judgment to allow them to amend their complaint based on "newly discovered evidence." They argue that, because "certain actions were taken to remedy [the jurisdictional] issue after the filing of the initial Complaint, a majority of the facts added to the Proposed Amended Complaint could not have been included in that pleading," and thus constitute "new evidence that could not have been included in the initial Complaint." [Record No. 29, p. 3]

Evidence is not "newly discovered" for the purposes of Rule 59 simply because it is learned about for the first time after the Complaint is filed. *Leisure Caviar*, 616 F.3d at 617. And it is not enough that the evidence "did not technically exist" prior to the entry of an Order granting a dispositive motion. *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834

(6th Cir. 1999). Instead, "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* (citing *Javetz v. Board of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995). And "evidence is 'unavailable,' so as to justify its late submission by way of a motion under Rule 59(e), only if it could not, in the exercise of reasonable diligence, have been submitted before." *Javetz*, 903 F. Supp. at 1191 (collecting cases).

Here, there is no indication that the "new evidence" contained in the proposed amended complaint could not, in the exercise of reasonable diligence, have been submitted before the Court ruled on the defendants' motions to dismiss and entered final judgment.[3] And while the plaintiffs contend that "[t]he complex nature of the Tarter Companies and their complicated and less than well-recorded business records made certain details about the organization structure difficult to discern," it appears that the plaintiffs only attempted to discern these details after conducting an "extensive review" in an effort to "remedy the jurisdictional issue identified by the Court." [Record No. 29, p. 3; *see also id.* at 5 (explaining that the plaintiffs attempted to make a demand on the Tarter Companies in order to "[heed] the Court's Opinion," but making that demand turned out to be "complicated"); Record No. 29-1, ¶¶ 106-108 (detailing events that occurred after the Court granted the defendants' motions to dismiss); *id.* ¶¶ 111-69 (discussing demands for litigation made after the Court granted the defendants' motions to dismiss).]

---

[3] The plaintiffs attempt to distinguish their motion from others that have been denied on the basis that there was a three month gap between the entry of the Order granting the defendants' motions to dismiss and the entry of final Judgment. [*See* Record No. 35, pp. 3-4.] But this does nothing to change the fact that the "new evidence" on which the plaintiffs rely could, with the exercise of reasonable diligence, have been submitted before.

Thus, it is clear that what the plaintiffs want is "a second bite at the demand-futility apple, having had the benefit of the district court's opinion as to the shortcoming of their pleadings." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008). The Court declines to reopen this action on that basis. *See Leisure Caviar*, 616 F.3d at 616 (explaining that the policy underlying Rule 59 would be undermined if "plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision"). And because the Court declines to reopen this matter under Rule 59(e), there is not "a live case or controversy pending before the district court." *In re Ferro Corp.*, 511 F.3d at 624. Accordingly, the plaintiffs' motions for leave to file an amended complaint, and to join Tarter Industries as a plaintiff in this action or to allow Tarter Industries to intervene will be denied, as moot.

### IV.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' motions [Record Nos. 29, 30] are **DENIED**.

This 4th day of June, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge